Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Aruba Iqbal**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Teriyaki One Thirty Two AZ, LLC d/b/a Teriyaki Madness**, a Nevada company; **Dominic Do,** a Nevada resident; and **Nakhleh Michael Bannoura,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Aruba Iqbal ("**Plaintiff**"), for her Verified Complaint against Defendants Teriyaki One Thirty Two AZ, LLC d/b/a Teriyaki Madness (**"Teriyaki Madness"**); Dominic Do; and Nakhleh Michael Bannoura, hereby alleges as follows:

## NATURE OF THE CASE

1.     Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); and for their unlawful distribution of Plaintiff's tips in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"), specifically 29

U.S.C. § 203(m)(2)(B) (hereinafter "**FLSA Tip Violation**").

2. This action is also brought to recover overtime wage compensation, liquidated or double damages, and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is brought to recover unpaid tipped wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Aruba Iqbal resided in the District of Arizona.

8. Plaintiff Aruba Iqbal was a full-time employee of Defendants from on or around February 20, 2022, until on or around March 5, 2022 ("**all relevant times**").

9. At all relevant times to the matters alleged herein, Plaintiff Aruba Iqbal was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

10. Defendant Teriyaki Madness is a company authorized to do business in Arizona.

11. At all relevant times to the matters alleged herein, Defendant Teriyaki Madness was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12. Defendant Dominic Do is a Nevada resident.

13. Defendant Dominic Do has directly caused events to take place giving rise to this action.

14. Defendant Dominic Do is a Director of Teriyaki Madness.

15. Defendant Dominic Do is a member of Teriyaki Madness.

16. Defendant Dominic Do is the owner of Teriyaki Madness.

17. Defendant Dominic Do is an employer of Teriyaki Madness.

18. Defendant Dominic Do has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

19. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Dominic Do is an employer.

20. Defendant Dominic Do determined the rate and method of Plaintiff's payment of wages.

21. Plaintiff called Defendant Dominic Do about the issues with tips and unpaid overtime.

22. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Dominic Do is subject to individual and personal liability under the FLSA.

23. Defendant Nakhleh Michael Bannoura is an Arizona resident.

24. Defendant Nakhleh Michael Bannoura has directly caused events to take

place giving rise to this action.

25. Defendant Nakhleh Michael Bannoura is a manager of Teriyaki Madness.

26. Defendant Nakhleh Michael Bannoura has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

27. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Nakhleh Michael Bannoura is an employer.

28. Defendant Nakhleh Michael Bannoura had the authority to hire and fire employees.

29. Defendant Nakhleh Michael Bannoura had to authority to hire and fire Plaintiff.

30. On or around February 17, 2022, Defendant Nakhleh Michael Bannoura interviewed and hired Plaintiff.

31. Defendant Nakhleh Michael Bannoura determined the rate and method of Plaintiff's payment of wages.

32. Defendant Nakhleh Michael Bannoura told Plaintiff she would be paid $13.00 an hour plus tips and that overtime would be paid in cash.

33. Defendant Nakhleh Michael Bannoura supervised and controlled the conditions of Plaintiff's employment.

34. Defendant Nakhleh Michael Bannoura would alter Plaintiff's timecards so that it seemed that she did not work overtime.

35. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Nakhleh Michael Bannoura is

subject to individual and personal liability under the FLSA.

36. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

37. Defendants, and each of them, are sued in both their individual and corporate capacities.

38. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

39. Plaintiff has a good faith reasonable belief that in her work for Defendants, he was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2022.

40. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

41. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

42. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

43. Plaintiff would regularly handle credit card transactions.

44. Under the FLSA, Plaintiff is a covered employee under individual coverage.

45. Under the FLSA, Plaintiff is a covered employee under enterprise coverage.

**FACTUAL ALLEGATIONS**

46. The entity Defendant is a teriyaki restaurant.

47. On or around February 20, 2022, Plaintiff Aruba Iqbal commenced

employment with Defendants as a restaurant worker.

48. Plaintiff's primary job duties included ringing up customers, cleaning, serving, seating, and customer service needs.

49. Plaintiff was hired at a rate of $13.00 an hour plus tips.

50. Plaintiff was told all overtime hours would be paid in cash.

51. Plaintiff never received any payment for her overtime hours.

52. Plaintiff estimates she is owed approximately 19 hours of overtime pay at the rate of $19.50 = $370.50.

53. Plaintiff worked in excess of 40 hours per week.

54. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

55. For example, during workweek of February 20, 2022, Plaintiff worked 19 hours of overtime and was not compensated her correct overtime pay.

56. Defendants were aware that Plaintiff's working hours exceeded 40 hours.

57. Defendants required Plaintiff to work overtime as a condition of her employment.

58. Plaintiff did not receive all of her earned tips.

59. There were two tip jars located on the counter.

60. Plaintiff witnessed Defendant Nakhleh Michael Bannoura take money out of the tip jar on numerous occasions and keep it for himself.

61. Defendant Nakhleh Michael Bannoura told Plaintiff he was going to count the tip money and add it to her paycheck, which never happened.

62. Defendant Nakhleh Michael Bannoura also claimed that he would give

Plaintiff her tips in cash, which she never received.

63. Plaintiff did not receive any of the tip money from the tip jar or credit card tips.

64. Plaintiff estimates she is owed in around $650 in tips.

65. Plaintiff was a non-exempt employee.

66. Defendants failed to properly compensate Plaintiff for all her overtime hours and tips.

67. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on her next paycheck.

68. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

69. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

70. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

**COUNT I**
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

71. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

72. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

73. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

74. Defendants have intentionally failed and/or refused to pay Plaintiff overtime

wages according to the provisions of the FLSA.

75. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

76. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

77. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

78. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

79. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

80. Defendants have not made a good faith effort to comply with the FLSA.

81. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(FLSA TIP VIOLATION – 29 U.S.C. § 203(m)(2)(B))**

82. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

83. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised § 203(m).

84. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the

employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

85. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

86. Plaintiff is an employee entitled to all of her tips.

87. Defendants' managers, supervisors, and / or owners kept portions of Plaintiff's tips.

88. In addition to the amount of unpaid tipped wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

89. Defendants' actions in failing to properly compensate Plaintiff, in violation of the FLSA, were willful.

90. Defendants have not made a good faith effort to comply with the FLSA.

91. Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b)

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

    iii. violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

    iv. willfully violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

  B. For the Court to award compensatory damages, including liquidated or double damages, to be determined at trial;

  C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

  D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

  E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and all other causes of action set forth herein;

  F. Any other remedies or judgments deemed just and equitable by this Court.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

  RESPECTFULLY SUBMITTED March 15, 2022.

  **ZOLDAN LAW GROUP, PLLC**

  By: /s/ Jason Barrat
    5050 N. 40th St., Suite 260
    Phoenix, AZ 85018
    Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Aruba Iqbal declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Aruba Iqbal